[L. A. No. 3221.   Department One.—December 3, 1913.]

WILLIAM M. LOFTUS, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

ELECTRIC RAILWAY—TRACK AS SIGN OF DANGER—CAUTION IN APPROACHING CROSSING.—An electric railway track is in and of itself a sign of danger, and one approaching such track with intent to cross it is bound to exercise his faculties of sight and hearing in order to ascertain whether a train is approaching.

ID.—CONTRIBUTORY NEGLIGENCE—WHETHER QUESTION FOR COURT OR JURY. Whether a person struck in crossing a railway track was guilty of contributory negligence is ordinarily one of fact for the jury. It becomes a question of law for the decision of the court only where the facts are undisputed, and, even then, only where, on those facts, reasonable minds can draw but one conclusion on the issue of the

plaintiff's negligence. But the conflict of evidence which creates a question of fact for the jury must be substantial and real; if the established facts and conditions are such as to make it plain that a plaintiff, looking and listening, must have seen or heard an approaching train, his testimony that he looked and listened, but did not see or hear, is not enough to support a verdict in his favor.

ID.—COLLISION WITH AUTOMOBILE—SUFFICIENCY OF EVIDENCE TO SUSTAIN RECOVERY.—In this action for personal injuries sustained by the driver of an automobile from a collision of an electric railway train with his machine at a crossing, evidence that the train was running at from forty to sixty miles an hour, and that the plaintiff brought his automobile to a stop, or nearly so, and looked and listened for the approach of trains, before starting to cross the track, justifies the court in submitting the question of his contributory negligence to the jury, and their verdict in favor of the plaintiff cannot be said by an appellate court to be contrary to the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, Frank Karr, R. C. Gortner, and W. W. Webster, for Appellant.

E. B. Drake, for Respondent.

SLOSS, J.—This is an action to recover damages for personal injuries sustained through the alleged negligence of defendant. The plaintiff was driving an automobile which collided with one of defendant's electric cars. The plaintiff recovered judgment in the sum of two thousand dollars, and the defendant appeals from said judgment and from an order denying its motion for a new trial.

In the collision which gave rise to this action, Mrs. D. Augusta Tousley, who was riding in plaintiff's automobile as his guest, also suffered injuries, on account of which she brought an action against defendant. The defendant's appeals in that action, which resulted in a judgment in favor of plaintiff therein, have just been disposed of in *Tousley* v. *Pacific Elec. Ry. Co.*, *ante*, p. 457, [137 Pac. 31]. So far as the points here involved are concerned, the evidence in the

record now before us is identical with that shown in the Tousley case. We may, therefore, refer to the opinion in that case for a general review of the facts surrounding the collision.

But two points are made by the appellant. It is claimed, first, that there was no evidence to justify the finding that the defendant had been guilty of negligence. The views expressed in the Tousley case, where the question is fully considered, furnish a sufficient answer to appellant's claim in this connection.

The only other contention urged is that, on the evidence, the plaintiff was, as matter of law, guilty of contributory negligence, and that, accordingly, his right of recovery should not have been submitted to the jury. While plaintiff's negligence was not a matter for decision in the other case, much light is thrown upon the issue by what is said in the opinion in that case. It appears, as is there pointed out by Mr. Justice Angellotti, that the evidence was such as to justify the inference that a person on or over the westerly rail of the westerly track would not be able to see a car approaching the crossing on the easterly track until it had come to within four or five hundred feet. There was also evidence that the car of defendant was going at the rate of forty miles an hour, or about sixty feet a second. At this rate it would traverse four hundred feet in seven seconds, or thereabouts. The plaintiff, according to his testimony, slowed down and looked before he got onto the west track, but saw no car approaching. He looked again when he got "about the middle of the west track," and saw the electric car, "about three or four pole lengths down." (The poles were ninety feet apart.) He then, as he testifies, used every effort to stop his automobile, but failed to do so in time to avert a collision. The extreme front of the automobile extended some six feet beyond the driver's seat. The electric car had an "over-hang" of twenty-three inches beyond the rails, the steps extending four inches further. The space between the tracks was nine feet. Assuming that the tracks were standard gauge—4 feet, 8½ inches—it was necessary for the front of the automobile to traverse a distance of only about three feet in order to bring it to the line covered by the extreme width of the electric car. It cannot be said that the plaintiff was necessarily at fault in not bringing his automobile to a stop in this distance. He

testified that he was going at a rate of two or 'three miles an hour, and there was evidence that his automobile, or one like it, could, if moving at a rate of three miles an hour, be brought to a stop ''within three or four feet.''

The claim of contributory negligence must, then, rest upon plaintiff's prior conduct in approaching the defendant's track as he did.   It is unnecessary to enlarge upon the well settled rule that a railroad track is in and of itself a sign of danger, and that one approaching such track with intent to cross it is bound to exercise his faculties of sight and hearing in order to ascertain whether a train is approaching.   (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651] ; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, [116 Pac. 513].)    While these requirements of care have usually been applied to persons seeking to cross the track of a steam railroad, they are also fairly applicable to crossings over the track of an electric railway, constructed and operated as the defendant's road was.    (*Heitman* v. *Pacific Elec. Ry. Co.*, 10 Cal. App. 397, 402, [102 Pac. 15] ; *Simoneau* v. *Pacific Elec. Ry. Co.*, 159 Cal. 494, 504, [Ann. Cas. 1912C, 1205, 115 Pac. 320].)    Ordinarily, of course, the question whether a plaintiff has been guilty of contributory negligence is one of fact for the jury. It becomes a question of law for the decision of the court only where the facts are undisputed, and, even then, only where, on those facts, reasonable minds can draw but one conclusion on the issue of plaintiff's negligence.    (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651] ; *Johnson* v. *Southern Pacific R. R. Co.*, 154 Cal. 285, [97 Pac. 520] ; *Hoff* v. *Los Angeles P. Co.* 158 Cal. 597, [112 Pac. 53] ; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, [116 Pac. 513].)    "It has often been said by this court that it is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown.   As a general rule, it is a question of fact for the jury . . .."    (*Seller* v. *Market St. Ry. Co.*, 139 Cal. 268, 271, [72 Pac. 1006].)

These observations are subject to the qualification that, in this class of cases as in others, the conflict of evidence which creates a question of fact for the jury must be substantial and real.   If the established facts and conditions are such as to make it plain that a plaintiff, looking and listening, must have seen or heard an approaching train, his testimony that

he looked and listened, but did not see or hear, is not enough to support a verdict in his favor. (*Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, [116 Pac. 513], and cases cited.)

We think the present case is not one in which it can be said that the uncontradicted evidence forces the conclusion that the plaintiff approached the track without exercising the care which an ordinarily prudent man, situated as he was, would have exercised. Before he turned his automobile to cross the track, he brought his machine to a stop, or nearly to a stop, and, as he testified, looked and listened to ascertain whether a train was approaching. At that time the train was still at such a distance and so placed as, under the evidence, to justify the inference that it could not be seen or heard by one in plaintiff's position. As he advanced, after turning to cross the tracks, the point beyond which the easterly track was hidden by the line of poles was constantly coming nearer to him, as was the train. Under all the circumstances, there is nothing unreasonable in the inference that the train could neither be heard nor seen by plaintiff from the time he first slowed down until he reached the point on the west track, where, as he says, he became aware of the fact that a train was approaching. This being so, the jury had the right to believe, from the plaintiff's story, that he took advantage of every opportunity to learn of the possible approach of a train, and that, notwithstanding his precautions, he could not, and did not, know that a train was nearing the crossing until he was in a position of danger from which he was unable, by the exercise of ordinary care, to extricate himself. (*Bilton* v. *Southern Pacific Co.*, 148 Cal. 443, [83 Pac. 440].) The question of contributory negligence "was one upon which reasonable men might well differ. This being so, it was a question for the jury." (*Hoff* v. *Los Angeles P. Co.*, 158 Cal. 597, [112 Pac. 53].) The court did not, therefore, err in submitting this issue to the jury, and the verdict thereon cannot be said to be contrary to the evidence.

The judgment and the order denying a new trial are affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.