[Civ. No. 2575. Second Appellate District.—September 13, 1918.]

FRANK D. CHRISTMAN, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

NEGLIGENCE — PERSONAL INJURIES — COLLISION OF MOTOR TRUCK AND RAILROAD MOTOR CAR — CONTRIBUTORY NEGLIGENCE.—In an action for damages for personal injuries sustained by plaintiff in a collision between a motor truck operated by him and a gasoline motor car operated by defendant on its railroad track, a nonsuit on the ground of contributory negligence was properly granted at the close of plaintiff's case, where it appeared from the evidence, and was admitted by the plaintiff that, with complete knowledge that he was

approaching a railroad crossing, which he knew to be regularly in use, he drove his truck at a rate of speed so great that, as he himself knew, his machine was bound to go upon the defendant's track, at all times after the moment of his first opportunity to look for the train.

ID.—CONCURRENT NEGLIGENCE OF DEFENDANT IMMATERIAL.—The fact that there was concurrent negligence on the part of the defendant does not, under such circumstances, aid the plaintiff's case.

ID.—CROSSING OF RAILROAD TRACKS—GASOLINE MOTOR CARS—DEGREE OF CARE.—There is no reason why the requirements of care on the part of a person approaching the tracks of an interurban railway, on which gasoline motor cars are operated, should be held to be different from the standard established for those seeking to cross the tracks of an electric railway.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

J. W. Hocker, E. E. Morris, and Robert E. Austin, for Appellant.

Henry T. Gage and W. I. Gilbert, for Respondent.

CONREY, P. J.—Action to recover damages for personal injuries which the plaintiff received by reason of a collision between a motor truck operated by the plaintiff and a gasoline motor car operated by the defendant.   At the close of the plaintiff's evidence defendant moved for a nonsuit on the ground that the testimony showed that the plaintiff was guilty of contributory negligence which was the proximate cause of the accident.   This motion was granted and the plaintiff appeals from the judgment.

Stating the facts as favorably to the plaintiff as they can be under the evidence, they are as follows: On the seventh day of February, 1914, the defendant was a common carrier of passengers and freight for hire, and operating a line of steam railroad carrying passengers and freight and running from the city of Los Angeles through and east of Norwalk in Los Angeles County.   At the town of Norwalk the railroad track runs east and west across a certain public highway running north and south.   At about noon of that day the plaintiff was driving an auto truck along the highway

and was moving toward the railroad track, in a southerly direction. At the same time the motor car of the defendant was approaching the highway crossing from the west. Plaintiff approached the railroad track while traveling at a rate of eight or ten miles an hour, and the motor car was traveling at the rate of forty-five or fifty miles an hour. There was a blacksmith-shop on the west side of the highway, located about thirty-five feet from the railroad right of way. When the plaintiff passed the blacksmith-shop he first looked east and then looked toward the west. Looking toward the west he saw the gasoline motor car, which was a passenger-car of the defendant, approaching the crossing. When he first saw the motor car he was about thirty feet from the crossing. Immediately he put on his brakes, with the result that the auto truck stopped so that its radiator was just over the nearest rail of the railroad track. At that point it was struck by the motor car. Prior to the day in question the plaintiff had driven over this crossing eight or ten times and knew that the railroad track was there. It was a fact, and the plaintiff knew it to be a fact, that when driving his motor truck at the speed at which he then was driving he could not stop within less than thirty-five or forty feet. The plaintiff was aware of the fact not only that there was a railroad track there, but knew also that trains were being operated over it.

Upon the facts thus shown, all of which were admitted by the plaintiff, it is clearly established that the plaintiff was guilty of contributory negligence without which the accident could not have occurred. With complete knowledge that he was approaching a railroad crossing which he knew to be regularly in use, he drove his auto truck at a rate of speed so great that, as he himself knew, his machine was bound to go upon the track, at all times after the moment of his first opportunity to look for the train. Having thus neglected the most obvious precautions for taking care of his own safety at a time and place where he had ample opportunity to use those precautions, the plaintiff is not entitled to recover damages for the injuries received. The fact that there was concurrent negligence on the part of the defendant does not under these circumstances aid the plaintiff's case.

Counsel for appellant contend that the defendant was unlawfully operating a gasoline motor car on a steam railroad line; and that under the circumstances here shown the plain-

tiff was not under obligations to look and listen for a gasoline motor car.  There is in the record no evidence tending to show that the defendant was operating said gasoline motor car without legal right so to do.  We perceive no reason why the requirements of care on the part of a person approaching the tracks on which gasoline motor cars are operated should be held to be any different than the standard established for those seeking to cross the tracks of an electric railway.  We are referring, of course, to interurban railroads and not to city street railways.  (*Loftus* v. *Pacific Electric Ry. Co.,* 166 Cal. 464, 467, [137 Pac. 34], and cases there cited.)

The judgment is affirmed.

James, J., and Shaw, J., concurred.