[Civ. No. 4628.   First Appellate District, Division One.—December 7, 1923.]

CLORINDA NOCE et al., Respondents, v. UNITED RAIL-
ROADS OF SAN FRANCISCO (a Corporation),
Appellant.

[1] Negligence — Contributory Negligence — When a Question of
Law.—The question as to whether a plaintiff has been guilty of
contributory negligence is one of fact for the jury; and it becomes
a question of law for the decision of the court only where the
facts are undisputed, and, even then, only where, on those facts,
reasonable minds can draw but one conclusion on the issue of
plaintiff's negligence.

[2] Id. — Collision Between Truck and Street-car — Death of
Driver—Time of Driving upon Track—Evidence.—In this action
for damages for the death of a truck driver caused when his truck
was struck by a runaway street-car traveling in the same direction,
as various witnesses who testified for plaintiff and defendant
differed as to the exact point the deceased drove his truck upon
the car track, it was for the jury to determine whether he drove
suddenly upon the car track in front of the approaching street-car
or whether he had been upon the car track for some time.

[3] Id.—Rapid Approach of Street-car—Failure of Truck Driver
to Look Back—Absence of Negligence.—The runaway street-car
and the truck driven by deceased having been traveling in the
same direction, and their respective speeds having been such that
the street-car, which was running wild, without giving warning,
overtook the truck of the deceased in a space of time out of all
proportion to that which would ordinarily be occupied by a
street-car proceeding at the usual rate of speed, it could not be
said that the deceased was guilty of negligence as a matter of
law in failing to keep a constant watch behind for approaching
cars and in failing to look back for approaching cars at the time he
turned upon the street-car track.

[4] Id.—Driving on Street-car Track—Failure to Watch to Rear.
One driving on or near the tracks of a street-car company on a
public highway is not guilty of negligence *per se* in failing to keep
a constant watch rearward for approaching cars.

[5] Id.—Age of Deceased—Earning Power—Excessive Damages.—
The evidence having shown that deceased, who left a wife and

5.   Excessive or inadequate damages for personal injuries result-
ing in death, notes, 18 **Ann. Cas.** 1209; **Ann. Cas.** 1915C, 449;
**L. R. A.** 1916C, 820.

two minor children, was at the time of his death between thirty and thirty-one years of age, having an expectancy of living about thirty-four years, that he had always earned a good living for his family and had contributed from $125 to $150 per month for their support, that he was a partner in a firm of truck gardeners, having bought a half interest therein for $1,600, and that the net profits of the business during the seven months that he was with the firm aggregated more than $3,900, the appellate court could not say that the verdict of $20,000 was excessive.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon, Wm. M. Cannon, Ross & Ross and Enid Childs for Appellant.

Walter E. Drobisch, Louis Ferrari and Black & Black for Respondents.

NEEDHAM, J., *pro tem.*—This is an appeal by the defendant from a judgment in favor of the plaintiffs. The plaintiffs are the widow and minor children of one David Noce, and they recovered damages in the sum of $20,000, awarded them by the verdict of the jury in an action wherein they allege that the death of David Noce was caused by the negligence of the defendant.

This is the second trial of this case, a former judgment in favor of the plaintiffs having been reversed by this court upon appeal upon the ground that the trial court gave improper instructions to the jury. The former case upon appeal is reported in 53 Cal. App. 512 [200 Pac. 819].

There is some discussion in the briefs in the instant case by both the appellant and the respondents as to whether the doctrine, to wit: "the law of the case," is applicable to the case now under consideration. Both sides, however, have briefed the case upon the supposition that this doctrine is not applicable, the respondents stating in their brief, "Without conceding this proposition, we respectfully desire to be understood that we are perfectly willing that the cause now pending before the court be determined upon the record in the instant case." This being the situation,

we will consider the present case and determine it as though the doctrine known as "the law of the case" does not apply.

From the record in the case, the facts developed are substantially as follows: On July 22, 1919, an electric car of the defendant left Daly City at 1:50 P. M., and proceeded in a southerly direction and had gone but a short distance, when it collided with a motor-truck, the property of one Witt. The car of defendant was running down a grade at the time of this collision; it crashed into the rear of the Witt motor-truck, throwing it into an adjoining field; the front end of the electric car was smashed and dilapidated and the motorman thrown to the floor, unconscious; the air-brake and equipment and front control were destroyed. In this condition, the car proceeded on its course, down-grade, at a rapid and dangerous rate of speed. The car, while so proceeding and entirely out of control, ran into a truck operated by David Noce, who, as a result, was killed. The truck of Noce, when struck, was on the car track proceeding in a southerly direction ahead of the car. The electric car being out of control, the motorman unconscious, of course, no gong or bell sounded as the car approached Noce's truck. It is conceded that the electric car at this time was running at the rate of at least sixty miles an hour.

The appellant urges three grounds for a reversal of the judgment, (1) contributory negligence on the part of David Noce was established as a matter of law; (2) appellant was deprived of a fair trial and was seriously prejudiced by the erroneous instructions to the jury; (3) the amount of damages awarded by the jury is excessive and wholly unsupported by the evidence.

If the first collision was the result of the negligence of the motorman operating the defendant's electric car, or of the concurrent negligence of the motorman and the driver of the Witt truck, then it follows that in either event the defendant would be liable for the death of Noce, provided Noce, himself, was not guilty of negligence which proximately caused the second collision.

[1] The appellant urges with much detail that the evidence shows that Noce was guilty of contributory negligence and that this was established as a matter of law. The question as to whether a plaintiff has been guilty of

contributory negligence as a matter of law has been before the appellate courts of this state very frequently and this doctrine is well defined and stated in numerous cases. In the case of *Loftus* v. *Pacific Electric Ry. Co.*, 166 Cal. 464 [137 Pac. 34], this doctrine is concisely and clearly stated on page 467, as follows: "Ordinarily, of course, the question whether the plaintiff has been guilty of contributory negligence is one of fact for the jury. It becomes a question of law for the decision of the court only, where the facts are undisputed, and, even, then, only where, on those facts, reasonable minds can draw but one conclusion on the issue of plaintiff's negligence." (Citing cases.)

Again, in the case of *Seller* v. *Market Street Ry. Co.*, 139 Cal. 268 [72 Pac. 1006], on page 271, the doctrine is put in the following language: "It has often been said by this court that it is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown. As a general rule, it is a question of fact for the jury, an inference to be deduced from the circumstances of each particular case, and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury. This is true even where there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn therefrom. If the conceded facts are such that reasonable minds might differ upon the question as to whether or not one was negligent, the question is one of fact for the jury. These rules are so well settled as to render it unnecessary to here do more than state them." (Citing cases.)

Many other cases can be cited where the doctrine is stated, but the quotations from the two decisions just referred to are sufficient and they very clearly and adequately express the doctrine.

[2] The appellant argues with much plausibility and with some detail that the evidence given upon the trial conclusively shows that Noce turned suddenly and directly in front of the electric car. We do not think the evidence necessarily warrants this conclusion. The Noce truck was traveling in the same direction that the defendant's car was proceeding. At just what point Noce drove his truck upon the car tracks is, we think, a matter of dispute. It

is true that he swerved to the left to avoid two other trucks standing upon the street and to his right. Various witnesses testified both for the plaintiff and the defendant in regard to this point. Furthermore, a map or plat showing the situation where the accident occurred and the immediate adjoining area was introduced in evidence and considered. Whether Noce did in fact drive suddenly upon the car track or whether he had been for some time upon the car track was for the jury to say. Under these circumstances we cannot see how it can be claimed that Noce was guilty of contributory negligence as a matter of law. It seems clear that the question was properly one for the consideration of the jury.

[3] The counsel for appellant also argues that Noce was guilty of contributory negligence as a matter of law in failing to keep a constant watch behind for approaching cars and in failing to look back for approaching cars at the time he turned upon the street-car track, and asserts that the doctrine in the case of *O'Connor* v. *United Railroads,* 168 Cal. 43 [141 Pac. 809], is not applicable to the instant case and contends that the decision in that case deals with the situation in a large city where the traffic is congested, whereas the instant case concerns an accident which occurred on the state highway in San Mateo County in a region sparsely settled and rural. Whether the case of *O'Connor* v. *United Railroads, supra,* is applicable or not, it seems to us to be comparatively unimportant. There is no evidence brought to our attention, and we have discovered none from a careful reading of the record, that the accident in the case now under consideration occurred in a region sparsely settled. In any event, we think it must be held that the defendant had no exclusive right to that portion of the road occupied by its tracks. The evidence shows that there was much traffic in the neighborhood where the accident occurred, at least, that is fairly deducible from the evidence. [4] It cannot be claimed that one driving on or near the tracks of a street-car company on a public highway is guilty of negligence and ordinary care *per se* in failing to keep a constant watch rearward for approaching cars. Furthermore, the evidence shows that the electric car of defendant was proceeding at a tremendous rate of speed, admitted to be sixty miles an hour,

whereas the truck which the deceased was driving was not proceeding at a high rate of speed; therefore, the electric car was overtaking the truck of the decedent in a space of time out of all proportion to that which would ordinarily be occupied by an electric car proceeding at the usual rate of speed. Furthermore, as stated, the electric car was running wild and no bell was sounded. It seems clear, therefore, that Noce was not guilty of contributory negligence *per se.*

The next point made by appellant is that the jury was erroneously instructed and that deprived appellant of a fair trial to its serious prejudice.

We have read the instructions of the learned trial judge most carefully and it seems to us that the instructions given are free from prejudicial error. The instructions, if anything, were more favorable to the defendant than to the plaintiff. This case on the former trial was reversed because of two errors in the instructions. (See *Noce* v. *United Railroads,* 53 Cal. App. 516 [200 Pac. 819].) The learned trial court upon this, the second trial of the case, was careful to avoid the former errors. The argument of counsel for the appellant upon this branch of the appeal in an endeavor to show that there were errors in certain instructions seems to us to be highly critical and without substantial merit. We have carefully examined each and all of the criticisms of the instructions given and we cannot see that they merit detailed consideration. It is sufficient to declare that in our opinion the jury was fairly and fully instructed and we find no errors in the instructions given to the prejudice of the appellant.

[5] The last point urged for a reversal is that the amount of damages awarded by the jury is excessive and wholly unsupported by the evidence. The amount of damages awarded was the sum of $20,000. The deceased, David Noce, was at the time of his death between thirty and thirty-one years of age, and he left a wife and two minor children. According to the evidence introduced he had an expectancy of living about thirty-four years more. He had always earned a good living for his family and had contributed from $125 to $150 per month for their support. In 1918 he became a partner in the firm of Cuneo & Company, truck gardeners, paying for a half interest in the firm

the sum of $1,600. The net profits of the business during the seven months that he was with the firm aggregated more than $3,900.

Under the authorities in this state this was not an excessive verdict, and does not suggest passion or prejudice on the part of the jury. (See *Crabee* v. *Mammoth Channel Gold Min. Co.,* 168 Cal. 500 [143 Pac. 714]; *Diller* v. *Northern California Power Co.,* 162 Cal. 531 [Ann. Cas. 1913D, 908, 123 Pac. 359]; *Peters* v. *Southern Pac. Co.,* 160 Cal. 48 [116 Pac. 400].)

For the foregoing reasons it seems clear that the evidence amply supports the verdict of the jury.

Judgment affirmed..

Tyler, P. J., and St. Sure, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 4, 1924.

All the Justices concurred.