[Civ. No. 6004. First Appellate District, Division One.—January 19, 1928.]

WILLIAM H. JOHNSON, Respondent, v. F. E. WEHNER, Appellant.

Louis V. Crowley for Appellant.

John W. Sullivan and C. C. Cottrell for Respondent.

KNIGHT, J.—As the result of a collision between plaintiff's automobile and defendant's truck, which was being driven by one Louis Lunford, plaintiff suffered a compound

comminuted fracture of the left lower leg, and this action was commenced to recover damages therefor, plaintiff alleging that the proximate cause of the accident was the negligent operation of said truck. Defendant denied the allegations of negligence and charged plaintiff with contributory negligence. The action was tried without a jury, and the trial court found in plaintiff's favor on both contested issues, and thereupon entered judgment accordingly against defendant for the sum of $4,633, from which judgment defendant appeals.

Defendant makes no contention that the evidence is insufficient to sustain the finding as to the negligent operation of the truck, but as grounds for reversal urges that the negative finding upon the issue of contributory negligence is unsupported by and contrary to the evidence.

The accident happened at the intersection of Willow and Orchard Streets in the City of San Jose shortly after 10 o'clock in the morning. Plaintiff was driving easterly along Willow Street and the truck was being driven northerly along Orchard Street. Plaintiff testified that when his machine passed the westerly line of Orchard Street and he "was approximately in the middle of the street" he observed the truck, which was then about 15 or 20 feet from the corner, traveling between 22 and 25 miles an hour, and that the driver thereof was not observing the traffic on the highway, but seemed to be looking down at his steering-wheel. Seeing that if he continued to travel at the rate of speed he was then maintaining the truck would strike him "squarely in the middle," plaintiff immediately applied his brakes, but after doing so, saw that the truck driver was coming ahead without diminishing his speed or diverting his course, and, consequently, in order to avoid being struck, plaintiff first attempted to "parallel" the truck, but instantly realized that by such maneuver the force of the truck would overturn him, so he diverted his course slightly to the south in an effort to pass behind the truck, with the result that the right front wheel of his automobile collided with the left rear wheel of the truck, practically demolishing the front end of his machine and inflicting upon him the injury above mentioned.

Subdivision 2 (b) of section 113 of the state Vehicle Act [Stats. 1923, p. 553], declares that it shall be lawful to drive a vehicle at a speed not exceeding 15 miles an hour in traversing an intersection of highways when the driver's view is obstructed; and that a driver's view shall be deemed obstructed when at any time during the last 100 feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of 200 feet from such intersection. Defendant contends that the evidence proves that plaintiff proximately contributed to the collision by violating the foregoing provision of the law. This contention is based mainly upon certain asserted contradictions contained in a typed statement, prepared by an insurance adjuster and signed by plaintiff either on the day of the accident or the day following; also upon the testimony given by the truck driver, the physical facts which defendant claims existed at the time and place of the collision, and certain mathematical demonstrations founded upon defendant's conception of the evidence. On the other hand, however, we are confronted with the positive testimony of plaintiff to the effect that he was not exceeding the statutory speed limit at the time of the accident. With reference thereto he testified that upon reaching a point about 100 feet from the intersection he reduced his speed from 24 to approximately 18 miles an hour and that when he was 50 feet from the corner he again slowed down so that upon entering the intersection and while traversing the same he was traveling between 13 and 15 miles an hour. The trial court evidently accepted plaintiff's testimony as being true; and on this appeal defendant has failed to demonstrate wherein plaintiff's testimony is inherently improbable, or so wanting in probative force as to warrant this court in declaring as a proposition of law that it is legally insufficient to support the trial court's finding. ■ It will be seen, therefore, that the evidence relied upon by defendant as establishing contributory negligence does no more than raise a conflict, and in that state of the record the trial court's finding upon such issue is controlling on appeal, it having been repeatedly held that the question of contributory negligence becomes a question of law only where

the facts are undisputed and even then only where on the facts reasonable minds can draw but one conclusion with reference thereto (*Loftus* v. *Pacific Electric Ry. Co.*, 166 Cal. 464 [137 Pac. 34]; *Seller* v. *Market Street Ry. Co.*, 139 Cal. 268 [72 Pac. 1006]; *Noce* v. *United Railroads*, 64 Cal. App. 658 [222 Pac. 642]; *Towne* v. *Godeau*, 70 Cal. App. 148 [232 Pac. 1010]).

The circumstance of plaintiff's automobile running into the truck is readily accounted for by the fact that when the two machines drew near to each other, the truck driver increased his speed in an attempt to pass in front of plaintiff. With reference thereto the truck driver testified in substance that he saw plaintiff as plaintiff "went for his brakes and wheel"; that he did not stop the truck, although admittedly he could have done so, but went right on his way, as he expressed it, until plaintiff "was on top" of him, and then he stepped on the accelerator to increase his speed.

The automobile driven by plaintiff was a "Studebaker," and over defendant's objection the trial court allowed plaintiff to prove in rebuttal a statement claimed to have been made the day of the accident by Lunford, the driver of defendant's truck, to one Johnson, another truck driver, which was substantially as follows: "Yes, when you hit a damned Studebaker, hit it hard . . . I didn't see him and when I did I stepped on her to get across." We think the ruling admitting the statement was not erroneous, for the reason that the record shows that on cross-examination Lunford, after having his attention called to the substance of the statement and the time and place and to whom it was made, positively denied having had a conversation with the witness Johnson on that day, or that he ever made such statement.

The appeal in our opinion is without merit, and the judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.