[Civ. No. 8035.  First Appellate District, Division One.—February 20, 1932.]

WILLIAM C. GOYETTE, Appellant, v. ERNEST HELLMAN, Respondent.

Ernest J. Kubeck for Appellant.

Harry N. Grover for Respondent.

THE COURT.—The above action was brought upon a claim for damages to plaintiff's automobile arising out of a

collision with an automobile owned and operated by defendant, it being alleged that the damage was caused by the latter's negligence.

Defendant denied the allegations of the complaint, alleged that the damage suffered by plaintiff, if any, was due to his contributory negligence, and sought to recover for injuries to his own automobile which he alleged were due to plaintiff's negligence.

The cause was tried by the court, which found for the defendant, and entered judgment against plaintiff in the sum of $400.

The latter, who has appealed, claims that the finding that he was negligent is not supported by the evidence.

On December 7, 1929, at about 6:30 o'clock P. M., plaintiff was driving south along Twenty-ninth Avenue while defendant was proceeding east along Judah Street in San Francisco. These streets intersect, and the collision, which damaged both cars, occurred within the intersection. It was stipulated that the collision occurred in a zone where the speed limit was twenty miles an hour. Defendant testified that when he entered the intersection he looked to his right to observe the traffic, and then, glancing to his left, saw plaintiff three or four feet to the north. At this time defendant's car was about two feet west of the center line of Twenty-ninth Avenue and south of the center line of Judah Street. According to certain witnesses the collision occurred south of the center line of Judah Street and east of the center line of Twenty-ninth Avenue, and it is admitted that the front of defendant's automobile struck the side of the other car. The record contains no direct evidence as to which automobile first entered the intersection. Defendant further testified that when he first saw plaintiff's car he was about 100 feet west of the west curb line of Twenty-ninth Avenue, and that plaintiff was then about 150 feet north of the curb line of Judah Street. Each party was of the opinion that the other was exceeding the speed limit of twenty miles, but each testified that approaching the intersection his car was traveling at a speed of twenty miles an hour or less. According to the plaintiff, he was about fifty feet from the intersection when he first observed the defendant, and the latter was then distant therefrom about 250 feet. He continued to observe the de-

fendant until the collision, but, as he testified, he did nothing to avert the collision.

■ As is usual in cases of this character the testimony of the parties was uncertain, particularly as to distances and speed. However, in reviewing the evidence an appellate court must accept as true all evidence tending to establish the verdict or findings, and consider it in the most favorable aspect toward the prevailing party; and where there is testimony supporting the verdict or findings which is not inherently improbable the question of its weight is for the jury or the trial court (2 Cal. Jur., Appeal and Error, secs. 515, 550, pp. 879, 935).

■ While the fact that one automobile strikes the other in the manner shown in the case at bar has been held to be a circumstance indicating that the driver of the first vehicle was at fault (*Waizman* v. *Black,* 101 Cal. App. 610 [281 Pac. 1087]), that circumstance is not conclusive on the question as to which vehicle first entered the intersection (*Ward* v. *Gildea,* 44 Cal. App. 380 [186 Pac. 612]; *Olds & Stoller, Inc.,* v. *Seifert,* 81 Cal. App. 423 [254 Pac. 289]; *Johnson* v. *Wehner,* 88 Cal. App. 399 [263 Pac. 553]).

■ Considering the distance of the vehicles from the intersection and the speed both were traveling, we are satisfied that the implied finding of the trial court that defendant was the first to enter the intersection, or that both vehicles entered it at the same time, is fully supported by the evidence. Section 131 of the California Vehicle Act then provided that "the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection", and "when two vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield to the driver on the right" (Stats. 1929, p. 541, sec. 55). It was consequently plaintiff's duty to yield the right of way; and it clearly appearing that he failed to do so the conclusion that he was guilty of negligence which proximately caused the damage complained of by defendant must be sustained.

The judgment is affirmed.