[Civ. No. 1663. Second Appellate District.—March 1, 1915.]

## W. J. KINCAID, Respondent, v. FRANCIS DUNN et al., Copartners, Appellants.

ACTION FOR DAMAGES—NEGLIGENCE—MEASURE OF DAMAGES—CONSTRUCTION OF SECTION 3333 CIVIL CODE.—Under section 3333 of the Civil Code, for the breach of an obligation not arising from contract, the measure of damages is the amount which will compensate for all detriment proximately caused, which detriment, in the absence of total destruction of the property injured, is the difference in the value of the property immediately before and after the injury; provided, however, if the injury be capable of repair at an expense less than the diminution in value of the property as injured, the damage is limited to the cost of making such repair.

ID.—DAMAGE TO AUTOMOBILE—EVIDENCE.—In an action for damages to an automobile alleged to have been caused by defendants' negligence, where the cause was tried, without objection on the part of the defendants, upon the theory that the injury could be repaired at a certain cost, and the defendants did not offer to show that the diminution in value on account of the injury would be less than the cost of such repairs, they cannot be permitted on appeal for the first time to complain that the case was tried on an erroneous theory and that the admission of evidence as to the cost of repairing the car to establish the damage was error.

ID.—DAMAGES—WHEN LIABILITY ACCRUES.—The rule that a recovery cannot be had in personal injuries suits for services rendered by physicians in attending the injured unless such bills have been paid, or at least liability incurred therefor, does not apply in an action to recover for damages to personal property; as in the one case the damages are special and can only arise out of the fact that the expense has been incurred and constitutes a liability against the plaintiff, whereas, in the other the action is for general damages.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Frank D. McClure, for Appellants.

T. W. Duckworth, for Respondent.

SHAW, J.—Action for damages. The complaint charged defendants with so negligently driving an automobile that it ran into and collided with plaintiff's automobile, injuring it to his damage in the sum of three hundred and fifty dollars.

The court gave judgment for plaintiff, from which and an order denying their motion for a new trial, defendants appeal.

Appellants' chief contention is that the evidence is insufficient to support the finding of the court that plaintiff's automobile was damaged in the sum of $310.85. For the purpose of ascertaining the damage, plaintiff was permitted, without objection on the part of defendants, to testify as to the cost of repairing the car. Appellants now insist that such evidence was erroneously admitted for the reason that the measure of damage was the difference in the value of the car before and after the injury. Section 3333 of the Civil Code, provides: "For the breach of an obligation not arising from contract, the measure of damages, . . . is the amount which will compensate for all of the detriment proximately caused." This detriment, in the absence of total destruction of the property, is the difference in the value of the property immediately before and after the injury; provided, however, if the injury be capable of repair at an expense less than the diminution in value of the property as injured, the damage is limited to the cost of making such repair. (Sedgwick on Damages, sec. 435, 9th ed.) As stated, the cause was, without objection on the part of defendants, tried upon the theory that the injury could be repaired, as found by the court, at a cost of $310.85. Neither did defendants offer to show that the diminution in value on account of the injury would be less than the cost of such repairs. They should not now be heard for the first time on appeal to complain that the case was tried on an erroneous theory.

Conceding the correctness of the theory upon the trial so had, appellants nevertheless insist that the evidence is insufficient to support the finding of damage in the sum of $310.85. The evidence clearly tends to prove that after the accident plaintiff had the car taken to a garage and fixed up to an extent that would enable him to get it home, for which work

he paid one hundred and twenty-three dollars; that later he paid thirty-six dollars for replacing parts that were broken in the collision, making a total of one hundred and fifty-nine dollars. It further appeared that the fenders were broken, the cost of repairing which was twenty-two dollars; that the lamps were likewise broken, the cost of obtaining which was thirty-three dollars; that the wind-shield was broken, the cost of replacing which would be fifteen dollars; and that the tonneau or body was smashed and broken, the cost of repairing which would be two hundred dollars. These items, added to the sum actually paid out, aggregate an amount in excess of that which was allowed by the court and clearly support the finding as to the amount of damage. Appellants, however, contend that the last four items, aggregating two hundred and seventy dollars, should not be considered in ascertaining the amount of damage sustained by plaintiff for the reason that he had neither incurred nor expended any sum in the replacing of such damaged parts or making repair thereof. In other words, the position of counsel is that if plaintiff's automobile had been totally destroyed, he could not have maintained an action to recover damages therefor unless he had first bought a new machine. While it is true, as contended by appellants, that no recovery can be had in personal injury suits for services rendered by physicians in attending the injured unless such bills have been paid, or at least liability incurred therefor, such rule does not apply in an action to recover for damages to personal property. In the one case the damages are special and can only arise out of the fact that the expense has been incurred and constitutes a liability against the plaintiff, whereas, in the other the action is for general damages.

While there was some conflict of evidence touching upon the negligence of defendants, that offered on behalf of plaintiff clearly tended to establish the issue in his favor and was ample to support the finding complained of.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.