[Civ. No. 4228.  First Appellate District, Division Two.—August 2, 1922.]

## J. R. BIBBY et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Defendant; F. M. DIMMICK, Appellant.

[1] NEGLIGENCE—ACTION FOR DAMAGES — SEVERAL DEFENDANTS — INSTRUCTED VERDICT.—In an action for damages for personal injuries sustained by the plaintiffs as the result of a collision between an interurban electric car and a hotel bus in which they were riding, if no evidence is introduced proving or tending to prove that the plaintiffs, or either of them, were guilty of contributory negligence, and the evidence is such that a verdict in favor of both defendants would be contrary to the evidence, the giving of an instruction that "there is no question of contributory negligence in this case" and that if the jury find from the evidence that the plaintiffs were "injured proximately by the happening of the accident then you will find against at least one of the defendants, or both of them if you find that the negligence that caused the accident was the concurrent, joint and contemporaneous negligence of each defendant acting one with the other, but whether you find against both defendants you will have to find against one of them," is not prejudicial error.

[2] ID.—APPROACH OF RAILROAD CROSSING—DUTY OF BUS DRIVER—INSTRUCTION.—In such an action, a requested instruction which is not only inapplicable to any evidence introduced at the trial, but which is intended to state to the jury that when the driver of an automobile approaches the crossing of street-car or railroad tracks laid in the streets or public highways, for the purpose of crossing the same, he is relieved from exercising his faculties of sight and hearing in order to ascertain whether an interurban car is approaching, is properly refused.

[3] ID.—DUTY OF MOTORMAN APPROACHING CROSSING — KNOWLEDGE OF DANGER — ORDINARY CARE.— INSTRUCTIONS.—In such an action, an instruction that the "motorman on a car if he is exercising ordinary care has the right to assume that an autobus would not attempt to drive upon the track so close to an approaching car as to be in danger of being struck thereby, when the approach of the car can be seen or heard by the use of ordinary care. It is not the

Duty of operator of automobile when near street-cars, note, 38 L. R. A. (N. S.) 493.

Right of motorman to assume that no one will attempt to cross track so close in front of car as to render a collision probable, note, 5 L. R. A. (N. S.) 1059.

motorman's duty in such a situation, to slow down or to stop his car when the automobile first approaches the track, nor until the motorman sees, or in the exercise of ordinary care should conclude that the automobile would continue to proceed upon the track in front of the car. When he sees that the autobus will attempt to continue upon the track in front of the car, if he then uses ordinary care to avoid the accident, that is all that is required of him in that respect," correctly states the law.

[4] ID.—DUTY TO OBSERVE APPROACHING CAR — INSTRUCTIONS.—In this action, it was not error to instruct the jury, at the request of the defendant interurban electric railway company, that "it is as much negligence to fail to see that which can be observed by the exercise of ordinary care as it is negligence not to look at all. If from the evidence you believe that the car of defendant railway company was visible to the driver of the autobus before he passed from a place of safety to one of danger, then I charge you that it was the duty of the driver of the autobus not only to look and listen with ordinary care before going upon said tracks or in a place of danger, but actually to see and heed that which could have been seen or heard approaching upon said track by the exercise of ordinary care; and if you believe from the evidence that the driver of the autobus was negligent in this respect, and that such negligence on his part was alone the direct or proximate cause of the accident, then plaintiffs cannot recover against defendant railway company and your verdict must be in its favor."

[5] ID.—CONFRONTING WITH DANGER—CARE REQUIRED—INSTRUCTIONS. That the trial court having given the defendant railway company's requested instruction as to the standard of conduct applicable to its motorman when suddenly confronted with unexpected danger and also having given the instruction requested by the defendant autobus owner on the same subject, it cannot be said that it declared one standard of conduct applicable to one defendant and another as applicable to the other, where the only difference in the instructions was that the latter was a more complete and concrete statement of the same rule than was the former.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank M. Gunter, Clyde R. Burr and Janeway, Beach & Pratt for Appellant.

E. B. Drake for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendants to recover damages for injuries caused by a collision which occurred between the hotel bus owned and operated by the defendant Dimmick and an interurban car owned and operated by the defendant Pacific Electric Railway Company. The plaintiffs had judgment against the defendant Dimmick and that defendant has appealed.

The plaintiffs are husband and wife. In their complaint they charge negligence against the owner of the bus and against the street-car company. The latter filed an answer in which it denied that it was negligent and pleaded contributory negligence on the part of the plaintiffs. The other defendant filed an amended answer, on which he went to trial, and therein he denied negligence on his part and alleged that the accident was caused by the negligence of the street-car company. Plaintiffs called several witnesses, who testified that at the time of the accident the hotel bus was running at a speed, variously estimated at fifteen, sixteen, seventeen, or eighteen miles per hour, and that the street-car was traveling at the rate of five or six miles per hour. The accident occurred in the month of February, at about 9:30 in the evening, and the evidence showed that the headlight on the street-car was lighted and that the headlights on the autobus were lighted. There was no evidence introduced by any one of the parties proving, or tending to prove, that the plaintiffs, or either of them, were guilty of contributory negligence. They had arrived on an evening train and had entered the autobus of the defendant Dimmick to go as guests to stop at his hotel. There was evidence that the street-car had stopped at the intersection of Fifth and San Pedro Streets and that the conductor had given the signal to go ahead, and that thereupon the motorman had sounded his gong and had started forward and when he had proceeded but a short distance the autobus approached from the side and then turned slightly in the same direction the car was going, but, continuing ahead, brushed the front end of the car and was turned over. The street-car proceeded a few feet and came to a stop. At the time of the trial the driver of the autobus could not be produced as a witness nor was his deposition produced.

For grounds of reversal the appellant complains of certain alleged errors made by the trial court in giving, or refusing to give, certain instructions. [1] Upon the request of the plaintiffs the court gave an instruction worded as follows: "You are instructed that under the evidence there is no question of contributory negligence in this case, and if you find that the plaintiff, Elizabeth Bibby, was injured proximately by the happening of the accident then you will find against at least one of the defendants, or both of them if you find that the negligence that caused the accident was the concurrent, joint and contemporaneous negligence of each defendant acting one with the other, but whether you find against both defendants you will have to find against one of them." The giving of a very similar instruction was discussed in the case entitled *Blackwell etc.* v. *American Film Co.,* 48 Cal. App. 681 [192 Pac. 189]. In that case it was held that the giving of the instruction was not a prejudicial error. For the reasons assigned in that case we think that the giving of the above instruction was not prejudicial error in this case.

[2] The appellant requested the trial court to give his, appellant's, instruction number 44. The trial court refused to give it. The appellant assigns such refusal as error. The instruction was multifarious. Among other things it charged as follows: " . . . When the driver of an automobile approaches the crossing of street-car or railroad tracks laid in the streets or public highways, for the purpose of crossing the same, he has a right to assume and act upon the theory that he has an equal right with others, including the street-car, and has a right to act upon the belief and expectation that the street-car company, as well as himself, will use the reasonable care that the situation requires to avoid running down any person on the street or public highway. And that those approaching him from the side will look out ahead and use reasonable care and caution to avoid a collision with him. The driver of an automobile has a right to expect that those in charge of street-cars will operate them in the manner, and run them at the speed, which is customary at the particular place and is governed by the law regulating their speed, and that they will give the usual warning signals, and take the usual precaution to avoid injury to others." If the foregoing instruction was intended to state to the

jury that under the facts enumerated the driver of the auto-
bus was relieved from exercising his faculties of sight and
hearing in order to ascertain whether an interurban car was
approaching, then the instruction was not sound. (*Loftus
v. Pacific Electric Ry. Co.*, 166 Cal. 464, 467 [137 Pac. 34].)
Furthermore, it was not applicable to any evidence intro-
duced at the trial.

[3] The Pacific Electric Railway Company requested,
and the court gave, an instruction as follows: "The motor-
man on a car if he is exercising ordinary care has the right
to assume that an autobus would not attempt to drive upon
the track so close to an approaching car as to be in danger
of being struck thereby, when the approach of the car can
be seen or heard by the use of ordinary care. It is not the
motorman's duty in such a situation to slow down or to stop
his car when the automobile first approaches the track,
nor until the motorman sees, or in the exercise of ordinary
care should conclude, that the automobile would continue to
proceed upon the track in front of the car. When he sees
that the autobus will attempt to continue upon the track
in front of the car, if he then uses ordinary care to avoid
the accident, that is all that is required of him in that re-
spect." It appears to be a correct statement of the law.
(*Thompson* v. *Los Angeles etc. Ry. Co.*, 165 Cal. 748, 755
[134 Pac. 709] ; 36 Cyc. 1517.) [4] The same party re-
quested, and the court also gave, an instruction worded as
follows: "I charge you that it is as much negligence to fail
to see that which can be observed by the exercise of ordinary
care as it is negligence not to look at all. If from the evi-
dence you believe that the car of defendant railway company
was visible to the driver of the autobus before he passed
from a place of safety to one of danger, then I charge you
that it was the duty of the driver of the autobus not only
to look and listen with ordinary care before going upon said
tracks or in a place of danger, but actually to see and
heed that which could have been seen or heard approaching
upon said track by the exercise of ordinary care; and if
you believe from the evidence that the driver of the autobus
was negligent in this respect, and that such negligence on
his part was alone the direct or proximate cause of the acci-
dent, then plaintiffs cannot recover against defendant rail-
way company and your verdict must be in its favor." As

addressed to the facts of the instant case that instruction seems to be supported by *Hamlin* v. *Pacific Electric Ry. Co.,* 150 Cal. 776, 782 [89 Pac. 1109]. The appellant does not challenge any particular passage and does not cite any authorities showing that any passage in the last two instructions is an erroneous statement of the law. The appellant's position with reference to all three of the instructions is: "It will therefore be seen that the court in the case at bar deliberately refused the instruction of appellant placing the two defendants in exactly the same status as to their duty to observe and avoid collision with each other and instead set up two different standards—one for the railroad company and one for the appellant. It is well settled that the rights and duties of the two were precisely the same." If by this expression the appellant means to state that the driver of the autobus and the motorman on the interurban car had equal rights and were under identically the same duties with reference to traveling on the railroad rails, the position of the appellant is not tenable. (*Scott* v. *San Bernardino Valley etc. Co.,* 152 Cal. 604, 610 [93 Pac. 677].)

[5] The appellant also complains that the trial court in instructing the jury declared one standard of conduct applicable to the Pacific Electric Railway Company and another as applicable to the defendant Dimmick when the driver should be suddenly confronted with unexpected dangers. Instruction number 25, given at the request of the Pacific Electric Railway Company, was as follows: "A motorman who, exercising ordinary care, is suddenly confronted with unexpected danger is required to exercise only that care which an ordinarily prudent man confronted with such unexpected danger would exercise. The very best judgment or foresight is not expected of him. If he does what at that moment appears best to do, and in so doing does what an ordinarily prudent man would have done, it is all that is required of him, even though it appears that, viewed in the light of after-acquired knowledge, it might have been better to have done something else." Instruction number 32, given at the request of the appellant, was as follows: "You are instructed that a person suddenly confronted with danger, caused through the negligence of another, is not required to use that calm, cool, and deliberate judgment or action that he would be expected to use under

ordinary circumstances; therefore, if you shall believe that while the driver of the bus belonging to defendant F. M. Dimmick was attempting to cross the street and the tracks of the said defendant's railway at the time and place under controversy, he was using ordinary care, and if you further find that the motorman negligently operated said car and thereby put him in danger, then the said driver under those circumstances would be required to use the same care that an ordinarily prudent person would have used under the then existing circumstances in trying to escape from any impending danger to him thus caused, and if the driver was thus placed in danger and then used the care as herein defined, then I charge you he was not guilty of negligence, whatever he may have done under these circumstances in attempting to escape from any impending danger, and mere error or mistake of judgment under such circumstances shall not be taken by you to be negligence on his part.'' The utmost that can be truly said in behalf of the appellant's point is that appellant's instruction was a more complete and concrete statement of the same rule than was his opponent's instruction.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 1, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.