[Civ. No. 4477. First Appellate District, Division Two.—October 31, 1923.]

## PERCY VICKERSON, Respondent, v. STANDARD AUTO SALES CO. (a Corporation), et al., Appellants.

[1] MOTOR VEHICLE ACT — VEHICLES APPROACHING STREET INTERSECTION AT RIGHT ANGLES — RIGHT OF WAY — HOW DETERMINED. — The question as to who has the right of way as between two vehicles approaching the intersection of two streets at right angles to one another is to be determined when the vehicle approaching from the right enters the intersection of the street, or crosses the curb line; at that point the vehicle approaching from the right has the clear right of way, unless the vehicle approaching from the left is nearer the point at which the collision would occur.

[2] INSTRUCTONS—APPEAL.—An appellant may not complain that an instruction given at the request of respondent is erroneous, where another instruction given at the request of appellant states the same rule as declared in the former instruction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Reversed.

The facts are stated in the opinion of the court.

Sloss, Ackerman & Bradley for Appellants.

Jesse H. Miller and Walter H. Linforth for Respondent.

STURTEVANT, J.—The plaintiff was injured in an automobile collision at the intersection of Polk and Ellis Streets, in San Francisco. The jury brought in a verdict in his favor and from the judgment the defendants have appealed, bringing up the judgment-roll and a bill of exceptions.

At the time of the accident, on the twenty-fourth day of February, 1921, the plaintiff was in an automobile approaching from the left, traveling easterly on Ellis Street, and the defendant Thomas C. Robinson, as agent of his codefendant, was operating an automobile on the right, going north on

1. Rules of the road governing at intersection of streets and when turning across street, notes, 21 A. L. R. 974; 41 L. R. A. (N. S). 346.

Polk Street. The collision occurred in the intersection of the two streets mentioned. The only question involved in the record is as to the correctness of the court's instructions relating to the right of way at the point where the accident occurred. The court gave, acting on the request of the plaintiff, four instructions, which we have numbered consecutively, and which are as follows:

### I.

"The law of this state also provides that the operator of an automobile shall yield the right of way at the intersection of their paths to an automobile approaching from the right, unless such vehicle approaching from the right is further from the point of the intersection of their paths than such first named automobile."

### II.

"If, therefore, you find that plaintiff's automobile was nearest the point of such intersection. then the plaintiff was not required in law to yield such right of way to the driver of the Chevrolet automobile, but in the law it was the duty of the driver of the Chevrolet automobile, under these conditions and circumstances, to have yielded the right of way to the automobile being driven by plaintiff."

### III.

"You are instructed that the rule of the right of way has application only to cases where automobiles reach the crossing at substantially the same time."

### IV.

"If you find from the evidence that the automobile driven by plaintiff reached the intersection of Ellis and Polk Streets, substantially in advance of the Chevrolet automobile, then I instruct you that the plaintiff had the right of way over the intersection of said streets, and that the driver of the Chevrolet automobile should have yielded the right of way to him."

And, acting on the request of the defendants, the court gave another instruction, which we have numbered five, and which is as follows:

### V.

"You are instructed that if defendant's automobile reached the intersection of Ellis and Polk Streets substantially in advance of the automobile which plaintiff was driving, that defendants had the right of way over the intersection of the

streets and plaintiff should have yielded the right of way to defendants.''

The instruction numbered I is a quotation from the statute and is conceded to be correct.  The instruction numbered II is not necessarily incorrect.  As the respondent argues the language therein used, ''such intersection'' refers back to, and adopts ''intersection'' as that word is used in number I—that is, in the statute.  The instruction numbered III is not only incorrect, but conflicts with the first instruction given.  The statute does not specifically fix the point at which the right of way is determined, for, obviously, if two machines are approaching a point of intersection at different rates of speed, their relative distances from that point would be constantly changing.  [1]  We think the true construction of the statute is that the question as to who has the right of way is to be determined when the vehicle approaching from the right enters the intersection of the street, or crosses the curb line.  Up to that point there is no possible danger of collision.  At that point the vehicle approaching from the right has the clear right of way, unless the vehicle approaching from the left is nearer the point at which the collision would occur.  (*Whitworth* v. *Jones*, 58 Cal. App. 492 [209 Pac. 60].)

Where the intersection is square, that is to say, where the two intersecting streets are of the same width, under the rule as we have stated it, the vehicle approaching from the right would have the right of way unless the vehicle approaching from the left had passed the center of the intersection before the vehicle approaching from the right entered the intersection, or passed the curb line.  The rule announced by the trial court that the vehicle first entering the intersection has the right of way would mean that the vehicle approaching from the right would have to wait for one approaching from the left, although the vehicle approaching from the left in the case of a square intersection would be three times as far away.  Or, in the case of an intersection like that of Post and Van Ness, the vehicle traveling north on Van Ness would have to wait for the vehicle traveling east on Post, although the vehicle traveling north was, perhaps, within ten feet of the point of a possible collision, and the vehicle traveling east was, perhaps, seventy-five feet away.  This, of course, would be an absurdity, and it would be impossible

to regulate traffic under any such rule, particularly as each vehicle approaching an intersection has to consider conflicting rights of way. And bearing in mind the rule that requires a driver to travel on the right-hand side of the street, each vehicle having the right of way in the first half of the street is compelled to yield the right of way in the second half of the street as it crosses. From the last consideration it is also obvious that the question of the right of way only relates to the quarter of the intersection in which the paths of approaching vehicles intersect.

[2] Appellants also challenge the soundness of the instruction which we have numbered IV. In reply, the respondent states that the same rule is declared in the instruction numbered V, which was given at the request of the appellants, and, therefore, whether the proposition therein stated is sound or unsound, the appellants may not complain. (*Yolo Water & Power Co.* v. *Hudson*, 182 Cal. 48, 51 [186 Pac. 772].) That reply is well founded.

For the errors contained in instruction numbered by us III, the judgment is reversed.

Langdon, P. J., and Nourse, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1923.