## GARNER v. BROWN

(No. 1085, February 18th, 1924; 223 Pac. 217.)

Appeal and Error—Favorable Error Not Basis of Exception—
Party Acquiesing in Theory of Damages at Trial Cannot Com-
plain on Appeal—Municipal Corporations—Pleadings—Negli-
gence in Driving Automobile—Damages—Driver Having Right
of Way Bound to Exercise Reasonable Care.

1. Because negligence is a mixed question of law and fact, a
   petition charging defendant with an act injurious to
   plaintiff, such as the driving of his automobile against
   that of plaintiff, with a general allegation of negligence in
   the performance of the act, is sufficient against a general
   demurrer, in the absence of a motion to make more spe-
   cific.

2. If in an action for damages to a car the rule adopted by
   the trial court as to the measure of damages was not cor-
   rect, defendant could not complain, where, as shown by
   the evidence, the rule adopted benefited rather than in-
   jured defendant.

3. In an action for damages to plaintiff's car, where the case
   without objection by defendant was tried on the theory
   that the reasonable value of the repairs should be allowed
   plaintiff if defendant was found to be negligent, defend-
   ant could not complain on appeal that such measure of
   damages was improper.

4. Evidence held to warrant jury in finding that, when plain-
   tiff was driving his car east on a highway at an intersec-
   tion, and defendant was driving his car north on the in-
   tersecting street, defendant was negligent in colliding
   with plaintiff, despite Comp. St. 1920, § 3488, relative to
   the right of way.

5. Rights of persons on the streets are relative, and though
   Comp. St. 1920, § 3488, when conditions are equal, makes
   it the duty of a driver approaching an intersection to
   give the right of way to vehicles approaching the inter-
   section on his right, it remains the duty of the driver
   who is given the right of way to exercise reasonable care
   to avoid collisions with other vehicles.

Appeal from District Court, Natrona County, Cyrus O.
Brown, Judge.

Action by H. L. Garner against H. H. Brown for damages alleged to have been caused by negligence in driving an automobile. There was a judgment for plaintiff and defendant appeals.

*Floyd E. Pendell* for appellant.

The Wyoming automobile law governing meetings at street or road intersections requires a driver to give the right of way to vehicles on his right, 3488 Comp. Stats.; the petition shows that Brown's automobile had the right of way, no question of city ordinance violation is involved in the case; the petition is not supported by the evidence; there was no evidence as to the value of respondent's car, the evidence being directed to the cost of repairs, which was not the proper measure of damages; the rule of damages is the difference between the value, before and after the damage.

*Cobb* and *Cobb* for respondent.

The petition charges an improper, unlawful, negligent and reckless manner of driving appellant's automobile, which allegations were proved at the trial; the petition pleads a cause of action within the rule provided by Section 5649 Comp. Stats.; the ruling of the trial court upon appellant's demurrer is not assigned as error; the city ordinance requires careful driving with due regard to the width, character of travel and use of the streets, and the safety of pedestrians and other vehicles; 3488 Comp. Stats. is not the law of the case, the Section having been amended by Chapter 69, Laws 1921; moreover, it was clearly intended to apply to public highways outside of towns; respondent's car, traveling at a reasonable rate of speed, had crossed the center line of the street intersection when it was struck by appellant's car; the trial court passed upon the conflict of evidence and its findings should not be disturbed, 2 R. C. L. 204; Collins v. Stanley, 15 Wyo. 282; as to appellant's third assignment concerning the measure of damages, it seems sufficient to point out that no objection was made to

the evidence offered, as to the nature of the damages; the court assessed the minimum amount of damages, to-wit: the amount necessary to place the car in its former condition, which was a substantial compliance with the rule; the measure of damages relating to personal injuries was fairly applied by the court; the judgment should be affirmed.

BLUME, Justice.

H. L. Garner, the plaintiff and respondent, sued the defendant and appellant H. H. Brown for the recovery of damages in the sum of $2945.90 alleged to have been caused to the person and property of plaintiff by the defendant Brown in negligently colliding with plaintiff's car at the street intersection of Ninth Street and David Street in the city of Casper. The plaintiff recovered judgment for $240.00 and from that judgment defendant appeals.

1. Defendant claims that plaintiff's petition does not state facts sufficient to constitute a cause of action, on the alleged ground that the acts of negligence of appellant are not stated. The petition alleges that the appellant drove his automobile, at the time in question, northward on David Street "in an improper, unlawful, negligent and reckless manner," and that while so propelling it, in the manner aforesaid, he drove it into the automobile of plaintiff, causing the injuries of which complaint is made. The specific acts of negligence are not otherwise stated. The general rule, well supported by authority, is that negligence is a mixed question of law and fact; that hence a petition charging defendant with an act injurious to plaintiff, with a general allegation of negligence in the performance of the act, is sufficient to withstand a general demurrer and need not be made more specific as to such allegations of negligence in the absence of a motion for that purpose. No such motion was made in this case, and under the rule mentioned, the petition herein must be held sufficient.

2. Counsel for defendant further contends that the judgment herein is contrary to law, in that there is no evi-

dence to support the damages found by the court. The specific reason for the objection is that the measure of damages herein is the difference in the value of plaintiff's automobile before the accident and the value thereof after the accident; that there is no evidence showing the value of said automobile at any time and hence there is no basis on which to found the judgment. The courts appear to be at variance as to the proper measure of damages in such cases. Some of them appear to hold that the reasonable value of repairs to an injured automobile is the proper measure of damages for the injury. Huddy, on Automobiles, Sec. 720. The more prevalent rule appears to be that the detriment, in the absence of total destruction of the property, is the difference in the value of the property immediately before and after the injury, provided, however, if the injury is capable of repair at an expense less than the diminution in value of the property as injured, the damage is limited to the cost of making such repair. Sedgwick, Damages, (9th Ed.). Sec. 435; Huddy, supra, Sec. 719; Kincaid v. Dunn, 26 Cal. App. 686, 148 Pac. 235. We need not determine herein what rule should be adopted. Judging from the evidence the defendant was benefitted rather than injured by the rule adopted by the trial court. Further, the case was tried on the theory that the reasonable value of the repairs should be allowed if defendant was found to be negligent and no objection to that course was made. Under these circumstances the defendant cannot now be heard to raise the point in question. Kincaid v. Dunn, supra.

3. It is also contended that the judgment is erroneous for the reason that the evidence fails to show that the defendant was negligent. The testimony in the record is sufficient to warrant the trial court in finding, among other things, the following facts:

On the morning of the accident in question, plaintiff drove eastward on Ninth Street in a ford automobile in a careful manner at the rate of about 12 miles an hour. Prior to reaching the intersection of said street with David Street

(running north and south) he was unable to see anyone approaching along said David Street from the south on account of obstructions. As he entered the intersection of Ninth and David Streets he noticed defendant approximately 100 feet south thereof on David street, driving a Buick car and traveling northward. Plaintiff continued to travel eastward, and when his car was four or five feet beyond the north and south center line of David Street, the rear end of it was hit by defendant's car with such impact that plaintiff was thrown out and his car thrown to the northeast corner of the intersection, with one wheel forced on to the curb. Defendant's car travelled nearly the distance of half a block after the collision before stopping and was swerved round so as to nearly face south. Defendant, according to testimony in the record, drove at the rate of 25 miles an hour, which the court, in view of the facts, may have considered a low estimate. There is evidence tending to show that defendant made no effort to steer his car so as to avoid the collision, when he apparently, by slightly swerving to the left, would have left plaintiff's car in the clear. This and other evidence in the record, which we need not set out, was sufficient, we think, to warrant the lower court in finding the defendant negligent. Reliance for his contention is placed by counsel for defendant upon the provision of section 3488 of W. C. S. 1920 that ''the driver of any vehicle upon approaching any road or street intersection shall be required to protect and give the right of way to all other vehicles on his right.'' This statute enacts into law the customary ''law of the road,'' and conditions being equal, it is the duty of a driver approaching an intersection to give the right of way to vehicles approaching the intersection on his right. Huddy, supra, Sec. 262. But the law above mentioned must be construed reasonably. It does not invariably give the vehicles to the right of the intersection the preference, and did not intend to confer any monopoly upon them. The rights of persons on the streets are relative, and though one is given the right of

way by the law aforesaid, it remains his duty to exercise reasonable care to avoid collisions with other vehicles. Huddy, supra, Sec. 262. The court in Paulson v. Klinge, 92 N. J. Law 99, 104 Atl. 95, speaking of a law like that above mentioned says:

"The legislative act was not intended to provide an exclusively hard and fast rule, applicable to all hazards and in all situations, regardless of actual conditions, and thus liberate from responsibility one who by fortuitously adhering to the regulation may be otherwise reckless and indifferent to the situation of others lawfully exercising equal rights upon the highway."

We find no error in the record and the judgment of the lower court should be affirmed. It is so ordered.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.

NOTE—See 3 C. J. p. 880; 4 C. J. p. 920; 28 Cyc. pp. 37, 45, 47 (1925 Anno), 913, 914 (1925 Anno)