[Civ. No. 4114.    Second Appellate District, Division One.—October 8, 1924.]

## THE COMMONWEALTH INSURANCE COMPANY OF NEW YORK (a Corporation), Respondent, v. RIVERSIDE–PORTLAND CEMENT COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION AT INTERSECTION—RELATIVE POSITIONS—RIGHT OF WAY.—In this action by an automobile insurance carrier, as assignee of the insured after payment of loss under the policy, to recover the amount paid because of damage to the insured's car as the result of a collision at a street intersection between such car and a car of defendant, the respective positions of the two cars at the time the insured's car entered and was about to cross the intersecting street (defendant's car having been at least 150 feet from the intersection) were such that ordinarily the driver of the insured's car would have the right of way, under section 20 of the Motor Vehicle Act.

[2] ID.—FAILURE TO OBSERVE APPROACHING CAR—CONTRIBUTORY NEGLIGENCE.—In such action, under the circumstances stated and in view of the further facts that the driver of the insured's car brought the car almost to a standstill and looked in both directions along the intersecting street before starting to cross same,

———————

1.    Effect of speed and application of speed regulations on liability for collision between automobiles at or near corner of streets or highway, note, **L. R. A.** 1916A, 747.    See, also, 2 **R. C. L.** 1195; 3 **Cal. Jur.** 902.

and that her view was unobstructed, the driver of the insured's car was not guilty of contributory negligence as a matter of law merely because she did not continue to look to her right as she proceeded across the intersecting street and, therefore, she did not observe defendant's car approaching on her right at an exceedingly fast rate of speed; and the determination of the trial court that she was not guilty of contributory negligence as a matter of fact was conclusive on appeal.

(1) 28 Cyc., p. 34. (2) 4 C. J., p. 876, sec. 2853; 28 Cyc., p. 49.

APPEAL from a judgment of the Superior Court of Los Angeles County. T. N. Harvey, Judge. Affirmed.

The facts are stated in the opinion of the court.

David R. Faries, John R. Berryman, Jr., and J. Allen Davis for Appellant.

Voltaire Perkins for Respondent.

CONREY, P. J.—Action to recover damages for injuries to an automobile belonging to one Wallace MacDonald. Plaintiff alleged that said injuries were caused by negligence of the defendant in its operation of an automobile, thereby causing a collision to occur between the automobile of the defendant and the automobile of said MacDonald. The plaintiff, an insurer of MacDonald against collision damage, brings this action as assignee of MacDonald after paying the amount of his loss. Judgment in favor of the plaintiff. Defendant appeals.

The sole point urged in support of the appeal is that the driver of the MacDonald automobile was guilty of contributory negligence which was a proximate cause of the collision. Negligence of the agent of appellant driving appellant's car is admitted.

Immediately preceding the accident Mrs. MacDonald, wife of Wallace MacDonald, was driving the MacDonald car in a southerly direction in the city of Los Angeles, on Arnez Avenue north of its crossing with Pico Street. Defendant's automobile was approaching Arnez Avenue on Pico Street from the west. On arriving at or near the north line of Pico Street Mrs. MacDonald brought her car almost to a

stop and then proceeded across Pico Street at a speed of from five to ten miles per hour. In her testimony she states that as she approached Pico Street there was nothing in the area designated as the northwest corner of the intersection, aside from some eucalyptus trees, to obscure her view toward the west; that the ground was level; that there was no growth of vegetation of any kind which would obscure her view across there; that the view was open and clear and that she was looking for cars approaching from the right; that when she came to a point near the north side of Pico Street she brought her car practically to a standstill and looked in both directions to right and left; that she did not see any vehicle coming; that she then proceeded across the street and did not look to her right any more until she heard the crash caused by the automobile of defendant which struck her car.

John Hasemier, driver of defendant's car, testified that he was going east on Pico Boulevard, traveling at the rate of about thirty miles an hour; that he first saw the MacDonald car when he was about 100 feet from the point of collision. Other witnesses testified that Hasemier approached Arnez Avenue at a speed very close to forty miles per hour.

[1] Appellant calls attention to the rule that reasonable care requires that one driving along a public highway should exercise the degree of alertness exercised by an ordinarily prudent man to avoid collisions with other conveyances, and that one who attempts to cross an intersected street without looking in either direction may be adjudged to be guilty of contributory negligence as a matter of law. Authorities are also presented to the point that where there is nothing to obscure the vision of the driver, it is negligent not to see what is clearly visible. Thus in *Bibby* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 658 [209 Pac. 387], it is stated that an instruction was in all respects correct which among other things charged the jury that "it is as much negligence to fail to see that which can be observed by the exercise of ordinary care as it is negligence not to look at all."

The evidence of the foregoing witnesses and other witnesses indicates that probably at the time when Mrs. MacDonald started her car across the street, defendant's automobile on Pico Street was as much as 150 feet from the

street intersection. Assuming that Mrs. MacDonald in fact saw that automobile at that time, it remains true that she had the right of way and was entitled to proceed across Pico Street, unless the speed of defendant's car as it approached to her was such that she should have anticipated that her action in so proceeding would probably result in a collision. That the respective positions of the cars were such that ordinarily she would have the right of way is perfectly clear. (Motor Vehicle Act, sec. 20, subd. [f]; Stats. 1919, p. 215.) **[2]** We do not think that as a matter of law, under the facts stated, the driver of the MacDonald automobile was guilty of contributory negligence. The distance of the Ford car of the defendant was such that she reasonably might have believed that the driver of the Ford car would see her car (in fact he did see it), and would bring his car down to a lawful speed at the intersection. The evidence was not conclusive to the effect that the circumstances necessarily warned her that this would not be done.

We are aware that the courts of this state have placed great emphasis upon the rule that a motorist must at all times use due care to avoid colliding with another; that he must be ever alert and watchful so as not to place himself in danger. And, while he may assume that others will exercise due care, he cannot for that reason omit any of the care which the law demands of him. In *Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193], a driver who had the right of way and was about to make a left turn at a street intersection saw a car approaching the point where the left turn would have to be made, and it was coming at an exceedingly fast rate of speed. The supreme court held that the defendant, who was driving the car which was about to make the left turn, having first observed the approaching fast car, "was no longer entitled to rely upon the presumption that the driver of this machine would comply with the rules of the road, and he was bound to take such reasonable measures as he could under the circumstances to prevent the injury. It was, therefore, a question for the trial court to determine upon all the evidence and the reasonable deductions therefrom whether the defendant, after having seen the approaching machine, continued to exercise the care and prudence which a reasonable man would have exercised under the

circumstances. And, as we cannot say that the trial court reached an unreasonable conclusion, we are bound by its finding of the ultimate fact which determined the proximate cause of plaintiff's injury.'' In the case at bar, we think it is equally true that the question of negligence and of the proximate cause of the collision is a question of fact upon which we are bound by the findings of the court.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 4, 1924.

All the Justices concurred.