[Civ. No. 3184.    Third Appellate District.—February 8, 1927.]

A. A. BYRNE, Respondent, v. WESTERN PIPE AND STEEL COMPANY OF CALIFORNIA (a Corporation) et al., Defendants; H. G. TALLERDAY, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.—In an action for damages as the result of a collision between two motor vehicles, in which the defendant alleges contributory negligence and cross-complains for damages sustained by him, an instruction advising the jury that "to find a verdict for the plaintiff you must not only find from a preponderance of all the evidence that the defendant was negligent; but also that such negligence was the proximate cause of the damages to the plaintiff," does not direct a verdict for the plaintiff if certain facts are found by the jury to be true, but merely states two facts which must be found in favor of plaintiff before he can recover; and the giving of such instruction, without further advising the jury therein, as requested by defendant, that plaintiff cannot recover if the jury finds that he was guilty of contributory negligence which contributed to the damages sustained by him, is not prejudicial, where the jury is so advised in at least three other instructions given.

[2] ID.—REPAIR OF TRUCK — MEASURE OF DAMAGES — ERRONEOUS INSTRUCTION.—In such an action, an instruction that the measure of damages "is the difference in the value of the property, immediately before and after the injury; provided, however, that if the injury be capable of repair at an expense less than the diminution in value of the property as injured, the damage is limited to the cost of making such repair . . . that is to say, if the expense of repair is less than the diminution in value, then the measure of damage to be adopted is the cost of repair, and in such event you may not assess any damages because of any alleged diminution in the value of the car," while correct where the injury can be entirely repaired, is incorrect where the evidence shows that the value of plaintiff's truck after it was repaired was much less than its value before the injury; but defendant cannot justly complain of the giving of such instruction, where it was given at his request and is erroneously favorable to him.

[3] ID.—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—INSTRUCTIONS. In such an action, the burden is on the defendants to prove contributory negligence; and defendants cannot complain of an in-

2.   See 8 Cal. Jur. 780, 815.

struction which, after advising the jury that before plaintiff can recover "it must first appear to your satisfaction by a preponderance of the evidence that the defendants, or their servant, were guilty of some act of negligence which directly contributed to the accident," further states that·it must also appear "to your satisfaction that the plaintiff was without fault or negligence on his part which may in anywise have contributed to the accident."

[4] ID.—INJURY TO INSURED TRUCK—LOSS OF USE—PAYMENT FOR REPAIRS—DAMAGES—INSTRUCTIONS—VERDICT.—In such action, defendant's cross-complaint having stated that he was damaged in a stated amount and that, in addition to such damage, he was deprived of the use of his machine for a stated number of days, to his damage in a stated sum, and the evidence having shown that defendant's machine was insured against accidents and that the insurance company paid the cost of repairs after the injury caused by the collision, the trial court erred in instructing the jury that "defendant . . . is not entitled to recover on his cross-complaint by reason of the fact that his damage was paid by his insurance carrier"; but such error was harmless where the verdict in favor of plaintiff precluded a recovery by defendant on his cross-complaint.

---

(1) 42 C. J., p. 1274, n. 89; 38 Cyc., p. 1598, n. 24.   (2) 4 C. J., p. 707, n. 11; 42 C. J., p. 1294, n. 29, p. 1299, n. 73 New.   (3) 4 C. J., p. 918, n. 42; 42 C. J., p. 1216, n. 74.   (4) 4 C. J., p. 1047, n. 63; 42 C. J., p. 1300, n. 81 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Appellant.

Ford, Johnson & Bourquin for Respondent.

FINCH, P. J.—Plaintiff recovered judgment against defendant Tallerday for damages sustained in a collision between motor vehicles. Tallerday has appealed from the judgment. The defendants alleged contributory negligence

---

4.  See 8 R. C. L. 557.

and Tallerday filed a cross-complaint for damages sustained by him in the collision.

Appellant contends that there is a substantial conflict in the evidence upon the issues raised by the answer and cross-complaint and that, therefore, certain alleged errors in the instructions are prejudicial. **[1]** The defendants requested the court to charge the jury as follows:

"In order, therefore, to find a verdict for the plaintiff you must not only find from a preponderance of all the evidence that the defendant was negligent; but also that such negligence was the proximate cause of the damages to the plaintiff; *and you must further find that the evidence fails to show by a preponderance thereof that the plaintiff was guilty of negligence however slight contributing proximately thereto; otherwise your verdict must be for the defendant.*"

The court struck out the words herein italicized and gave the instruction as so modified. Appellant says that "an instruction which directs a verdict if the jury finds certain facts to be true is reversibly erroneous unless it embraces all things necessary to show such liability." But the instruction as given does not direct a verdict for the plaintiff if certain facts are found by the jury to be true. It merely states two facts which must be found in favor of plaintiff before he can recover. In at least three other instructions the court stated that plaintiff could not recover if the jury found that he was guilty of negligence which contributed to the damages sustained by him. The jury could not have been misled by the instruction. **[2]** The court gave the following instructions, the first at defendants' request and the second at the request of the plaintiff:

"The measure of damages for the breach of an obligation not arising from contract is the amount which will compensate for all of the detriment proximately caused. This detriment in the absence of total destruction of the property, is the difference in the value of the property, immediately before and after the injury; provided, however, if the injury be capable of repair at an expense less than the diminution in value of the property as injured, the damage is limited to the cost of making such repair. These different measures of damage are exclusive of one another, that is to say, if the expense of repair is less than the diminution

in value then the measure of damage to be adopted is the cost of repair, and in such event you may not assess any damages because of any alleged diminution in the value of the car.''

"If you believe from the evidence that plaintiff is entitled to recover, then in assessing damages you may allow him such sum not exceeding the amount claimed, to wit: $2,391.05, as will compensate him for the loss and damage, if any sustained, as follows:

"1. Reasonable cost of necessary repairs to the truck, if any.

"2. The difference, if any, in the value of the truck after it was repaired and its value before it was damaged.

"3. Reasonable value of the loss of the use of the truck while the same was being repaired, if any.

"4. Reasonable value of the liquor damaged or lost, if any.''

The first of these instructions is substantially in the language of the opinion in *Kincaid* v. *Dunn*, 26 Cal. App. 686, 687 [148 Pac. 235]. The instruction is applicable where the injury can be entirely repaired. In *Rhodes* v. *Firestone Tire etc. Co.*, 51 Cal. App. 569, 573 [197 Pac. 392, 394], it is said: "The usual measure, however, to apply in the ascertainment of damages in cases where personal property has been negligently injured but is susceptible of repair, and the one we prefer to follow, is that which makes the measure of damages the difference in value immediately before and immediately after the injury, subject, however, to the proviso that if it can be entirely repaired at a less expense than the diminution in value because of the injury, the measure of damages is the reasonable cost of repairs.'' The evidence herein shows that the value of the truck after it was repaired was much less than its value before the injury, but that its value after such repairs were made greatly exceeded the total amount awarded for the cost of repairs and depreciation. In repairing a machine which has been injured it is sometimes necessary to install new parts, with the result that the value of the machine is greater after the repairs have been made than it was before the injury. In such a case it has been said: "Evidence of the fair cost of the repairs, made necessary by the injury, less the increased value of the repaired machine above its value be-

fore the accident, was legitimate evidence of the plaintiff's damage." (*Cadwell* v. *Town of Canton,* 81 Conn. 288 [70 Atl. 1025]; *Chapleau* v. *Manhattan Oil Co.,* 178 Wis. 545 [190 N. W. 361]; *Blanke* v. *United Rys. Co.* (Mo. App.), 213 S. W. 174.) It has been held in several cases that, if the damaged property cannot be completely repaired, the measure of damages is the difference between its value before the injury and its value after the repairs have been made, plus the reasonable cost of making the repairs. (*Monroe* v. *Lattin,* 25 Kan. 351; *Larson Bros. Wholesale Grocery Co.* v. *Kansas City,* 115 Kan. 589 [224 Pac. 47]; *Yawitz Dyeing & Cleaning Co.* v. *Erlenbach* (Mo. App.), 221 S. W. 411; *Blanke* v. *United Rys. Co., supra; Coleman* v. *Levkoff,* 128 S. C. 487 [122 S. E. 875]; *Chicago, R. I. & G. Ry. Co.* v. *Zumwalt* (Tex. Com. App.), 239 S. W. 912; *Thompson* v. *Field* (Tex. Civ. App.), 164 S. W. 1115; *Cooper* v. *Knight* (Tex. Civ. App.), 147 S. W. 349; *Metcalf* v. *Mellen,* 57 Utah, 44 [192 Pac. 676].) The foregoing rule gives the plaintiff the difference between the value of the machine before the injury and its value after such injury, the amount thereof being made up of the cost of repairs and the depreciation notwithstanding such repairs. The instruction given at defendants' request is incorrect as applied to the facts of this case and the one given at plaintiff's request correctly states the law. The appellant cannot justly complain that an instruction requested by him is erroneously favorable to him.

[3] The court correctly defined the term "preponderance of evidence" and in another instruction stated: "Before the plaintiff can recover in this action it must first appear to your satisfaction by a preponderance of the evidence that the defendants, or their servant, were guilty of some act of negligence which directly contributed to the accident. It must also appear to your satisfaction that the plaintiff was without fault or negligence on his part which may in anywise have contributed to the accident." Appellant complains that the two instructions are inconsistent and that therefore the error therein is prejudicial. But the error therein was against the plaintiff and favorable to the defendants. The burden was on the defendants to prove contributory negligence, but by the instruction quoted the court charged the jury, in effect, that the burden was on the plaintiff to prove that he was not negligent and that

such proof must be made to the ''satisfaction'' of the jury. The language of the court in *Wood* v. *Maulton,* 146 Cal. 317, 320 [80 Pac. 92, 93], is applicable to the question here raised. It is there said: ''The 6th instruction fairly stated the law. Appellants certainly are not injured because in a later instruction the court laid down a rule more favorable to them than the law justifies.''

[4] Appellant's machine was damaged in the collision. His cross-complaint alleges that the machine was damaged in a stated amount and that, in addition to such damage, he was deprived of the use of the machine for fourteen days, to his damage in the sum of $140. It appeared at the trial appellant's machine was insured against accidents and that the insurance company paid the cost of repairs after the injury caused by the collision. The court instructed the jury that ''defendant H. G. Tallerday is not entitled to recover on his cross-complaint by reason of the fact that his damage was paid by his insurance carrier.'' This was clearly error. Whatever may be the rule as to the cost of repairs which the insurance carrier paid, the instruction is erroneous as applied to the damages claimed for loss of use of the machine. The error, however, was harmless, because by returning a verdict for the plaintiff against the appellant the jury impliedly found that appellant was negligent and that the plaintiff was free from negligence, facts which precluded a recovery by appellant on his cross-complaint without reference to the erroneous instruction.

The judgment is affirmed.

Buck, J., *pro tem.,* and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 8, 1927.