[Civ. No. 5682. First Appellate District, Division One.—February 21, 1927.]

## OLDS & STOLLER, INCORPORATED (a Corporation), Respondent, v. E. D. SEIFERT, Appellant.

[1] NEGLIGENCE—INJURIES TO AUTOMOBILE—RIGHT OF WAY — CARE — FINDINGS—EVIDENCE.—In this action to recover damages for injuries to an automobile resulting from a collision occurring at the intersection of two highways, the evidence was sufficient to sustain the findings that the driver of the automobile owned by plaintiff's assignor had the right of way, was not wanting in due care, and that the defendant was negligent.

[2] ID.—ASSIGNMENT OF CLAIM—PARTIES—PLEADING — EVIDENCE.—In such action, the written assignment to plaintiff, which was the insurer of the injured automobile, of the claim held by the owner of such automobile against defendant, was sufficient to

enable plaintiff to maintain the action against defendant, where the complaint alleged that plaintiff previous to the accident issued its policy of insurance to the owner of such automobile, agreeing to indemnify the latter against loss or damage due to collision, it being provided therein that upon payment of the loss, the insurer should be subrogated to the extent of such payment to the owner's right of recovery, and that following the accident the loss was paid and the owner in writing assigned to plaintiff his claim against defendant; and the admission in evidence of a paper which purported to be the policy in question, which the owner was unable to testify was the original policy, if erroneous, was not prejudicial.

[3] ID.—DAMAGES—PLEADING.—A general allegation of damages with a prayer for a stated amount is sufficient to authorize the recovery of all damages that necessarily resulted from the act complained of.

[4] ID.—MEASURE OF DAMAGES.—In such action, the measure of damages in the absence of the total destruction of the property injured is the difference between the value of the property immediately before and immediately after the injury, provided, however, if the property be capable of repair at an expense less than the diminution in the value because of the injury, the damage is limited to the cost of making the repairs.

[5] ID.—COST OF REPAIRS—PRESUMPTIONS—EVIDENCE.—The difference in value of the property before and after the injury is presumptively the amount of the cost of repairs, and proof that the repairs were necessary and their cost reasonable was admissible and sufficient *prima facie* to establish the amount of the damage.

---

(1) 42 **C. J.**, p. 1233, n. 27, p. 1238, n. 49.    (2) 4 **C. J.**, p. 969, n. 56.    (3) **17 C. J.**, p. 1001, n. 71.    (4) 42 **C. J.**, p. 1294, n. 34, p. 1297, n. 16.    (5) 42 **C. J.**, p. 1293, n. 23, p. 1298, n. 51.

APPEAL from a judgment of the Superior Court of Santa Clara County.   P. F. Gosbey, Judge.   Affirmed.

The facts are stated in the opinion of the court.

William H. Johnson for Appellant.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Respondent.

---

3.  See 8 Cal. Jur. 887.

4.  See 8 Cal. Jur. 815.

CASHIN, J.—An action to recover damages for injuries to an automobile resulting from a collision. The owner of the injured automobile assigned his claim to plaintiff corporation, and from a judgment recovered by the latter the defendant appeals. The appeal is presented on the judgment-roll and a bill of exceptions.

Appellant contends that the evidence was insufficient to justify the verdict of the jury; that the verdict was against law; that certain evidence was improperly admitted over objection, and that an instruction given the jury was erroneous.

The collision occurred in Santa Clara County at the intersection of Mountain View road, running east and west, with the San Francisco and San Jose highway, which runs north and south. At the time of the accident the automobile owned by the assignor (hereinafter designated as the Buick car) was being operated by Mrs. Dorothy H. Weinstock. As this car, coming from the east along the Mountain View road, neared the intersection, appellant, who was driving a Stearns car, approached from the south along the highway mentioned. The testimony shows that the Buick car was stopped about eleven feet east of the paved portion of the highway; that a truck proceeding south along the highway was stopped by its driver to the north of the intersection, and that the latter signaled to Mrs. Weinstock to proceed. According to her testimony, after receiving the signal she looked to the south along the highway and, seeing no approaching car in that direction, drove into the intersection at a speed of about five miles per hour, the collision with the Stearns car occurring near the center of the intersection. Two witnesses, who observed the movements of the cars immediately before the accident, testified that the Buick car was the first to enter the intersection and that the Stearns car approached at a speed of about thirty-five miles per hour, one of the witnesses stating that the speed was not decreased when the intersection was reached. This testimony was corroborated in some degree by the fact that the Stearns car after the collision continued on its course for a distance between thirty and forty feet, in the meantime striking the truck mentioned with sufficient force to throw the driver to the ground.

Appellant contends that the physical condition of the cars after the accident shows that the Stearns car was struck by the Buick car, but we think it a fair conclusion from the evidence that the latter was struck in front by the side of the Stearns car in an attempt by appellant to avoid a direct collision. **[1]** This evidence was sufficient to sustain the findings that the driver of the Buick car had the right of way (*Vickerson* v. *Standard Auto Sales Co.,* 64 Cal. App. 287 [221 Pac. 392]), was not wanting in due care, and that the defendant was negligent (*Whitworth* v. *Jones,* 58 Cal. App. 492 [209 Pac. 60]; *Connor* v. *Dale,* 63 Cal. App. 338 [218 Pac. 462]; *Commonwealth Ins. Co.* v. *Riverside Portland Cement Co.,* 69 Cal. App. 165 [230 Pac. 995]; *Bauman* v. *Edgar,* 72 Cal. App. 448 [236 Pac. 943]).

We find no merit in appellant's contention that the verdict was against law, nor, in view of the evidence, that the instruction complained of was erroneous. **[2]** The complaint alleged that respondent previous to the accident issued its policy of insurance to the owner of the Buick car, agreeing to indemnify the latter against loss or damage due to collision, it being provided therein that upon payment of the loss, the insurer should be subrogated to the extent of such payment to the owner's right of recovery, and that following the accident the loss was paid and the owner in writing assigned to respondent his claim against appellant. At the trial respondent offered and there was admitted in evidence the assignment of the claim with a paper which purported to be the policy mentioned. The owner was unable to testify that the latter document was the original policy, stating, however, that it was the document received as such from respondent. The written assignment of the claim was sufficient to enable respondent to maintain the action; and the admission of the purported policy over objection, if erroneous, was not prejudicial.

The parties stipulated at the trial that the reasonable value of the labor and materials necessary to repair the Buick car was the sum of $587.45, this sum being the amount of the judgment. The stipulation was made subject to objections by appellant, who offered no evidence on the issue as to the damage; but he now contends that there being no allegation in the complaint as to the value of the

car before and after the accident, evidence of the value of the repairs was not admissible.

[3] A general allegation of damages with a prayer for a stated amount is sufficient to authorize the recovery of all damages that necessarily result from the act complained of (5 Ency. of Pl. & Pr., p. 731; 8 Cal. Jur., Damages, sec. 125, p. 885). [4] The measure of damages in the absence of the total destruction of the property injured is the difference between the value of the property immediately before and immediately after the injury, provided, however, if the property be capable of repair at an expense less than the diminution in the value because of the injury, the damage is limited to the cost of making the repairs (*Kincaid* v. *Dunn,* 26 Cal. App. 686 [148 Pac. 235]; Civ. Code, sec. 3333).

[5] As held in *Overpeck* v. *Rapid City,* 14 S. D. 507 [85 N. W. 990, 991], the difference in the value of the property before and after the injury is presumptively the amount of the cost of repairs, and in *Rhodes* v. *Firestone Tire etc. Co.,* 51 Cal. App. 569 [197 Pac. 392], proof that repairs where necessary and their cost reasonable was held to be admissible and sufficiently *prima facie* to establish the amount of the damage.

The evidence was sufficient to support the verdict, and no prejudicial error being shown, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.