[Civ. No. 97. Fourth Appellate District.—February 5, 1930.]

ROY SMITH, Respondent, v. ELAXAZER CALLEY et al., Appellants.

Aldrich & Mack for Appellants.

George M. Cook for Respondent.

MARKS, J.—Respondent instituted this action in the court below to recover a judgment for damages resulting from a collision between his automobile, driven by himself, and a motor-truck, driven by Elaxazer Calley for the Maricopa Creamery and A. C. Ross, who were its owners. The trial court rendered judgment in favor of respondent, which, according to the findings, was composed of the following items: $528.40, as damages to respondent's automobile; $51.60, for loss of wages, and $20, expended for medical attendance and nursing.

Appellants complain that there is no evidence to support the finding that the automobile was damaged to the extent of $528.40. The only evidence in the record on this point was given by respondent as follows: "Q. What did you pay for the Dodge car. A. The car cost me $1184.00 complete. Q. Did you buy it new? A. Yes. Q. How long had you had it at the time of the impact? A. Five or six months. Q. What did you do with it after the wreck? A. I sold it for junk. Q. You sold it for junk? A. Yes. Q. What did you get for it? Mr. Emmons: We object to that as incompetent, irrelevant and immaterial. Mr. Cook: To show the value of the car. Mr. Emmons: They have alleged the elements of damage, and they are limited to proving damages as alleged in their complaint. Mr. Cook (after argument): Withdraw the question. Q. What damage, if any, occurred to your car from the impact? A. It was a complete wreck. Mr. Emmons: Move to strike out the an-

swer as being the conclusion of the witness. Mr. Cook: Q. What do you mean by 'a complete wreck'? A. The motor was busted open; the frame of it 'shot'; the radiator 'shot' to pieces; the body of the car wasn't injured so much, only the dash, the motor was shoved back into the dash. I would like to have looked at it close at that time, but I couldn't stand up. Mr. Emmons: Move to strike out the last statement as not responsive. The Court: It may go out. Mr. Cook: Yes, that may go out. Q. After the injury, did you consult anybody to get an estimate as to what it would cost to repair the damage done? A. Yes, sir. Mr. Emmons: Object to that as hearsay. The Court: Put the other fellow on the stand and prove that by him. Mr. Cook: As a matter of fact, you allege in the complete—you allege it was a complete wreck; is that correct? Mr. Emmons: Objected to as incompetent, irrelevant and immaterial; what the pleadings allege is shown by the pleadings themselves, but that is not evidence; he alleges special damage in the sum of $714.40. Mr. Cook: That is all the damage we are asking for. Mr. Emmons: What are you trying to prove now, then? The Court: He has described pretty well what happened to the car.''

The injury to the automobile of respondent was amply proven, but the measure of his financial loss following such injury is entirely lacking. The automobile had been driven by respondent several thousand miles and its original cost to him was no measure of its value at the time of the accident. There is no evidence of the amount of money required to repair the injuries, if they could be repaired, nor the value of the car after the accident. That it was sold, shows that it had some value. ''Under section 3333 of the Civil Code, the measure of damages for the destruction of personal property is the value of the property destroyed. Its cost is not the standard, nor is money expended in replacing it. The detriment caused by the injury or partial destruction of personal property is the difference in value immediately before and after the injury, provided that if repairs can be effected for a smaller sum, that sum becomes the limit of recovery.'' (8 Cal. Jur., p. 814; *Olds & Stoller, Inc.,* v. *Seifert,* 81 Cal. App. 423 [254 Pac. 289]; *Byrne* v. *Western Pipe & Steel Co.,* 81 Cal. App. 270 [253 Pac. 776];

*Menefee* v. *Raisch Imp. Co.*, 78 Cal. App. 785 [248 Pac. 1031].) There is no evidence in the record to support the finding that respondent had been damaged in the sum of $528.40 by the injury to his automobile. No measure of the damages was furnished to the trial court.

Judgment reversed.

Sloane, P. J., and Barnard, J., concurred.